**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Fred Eugene McDay, )
)
    Plaintiff, ) No. CIV 05-1411-PHX-SRB (DKD)
)
vs. )
) **ORDER**
Adam Lewis, et al., )
)
    Defendants. )
)

Pending before the Court are Plaintiff's Motion to Address Limited Access to Respond to Court Orders (Doc. #18), and Motion for Records (Doc. #25), and Defendant's Motion to Extend Case Deadlines (Doc. #24).

**A.  Motion to Address Limited Access**

In his Motion to Address Limited Access, Plaintiff states that he is not able to comply with this Court's order due to his limited access to legal assistance in the Department of Corrections and is requesting that the court appoint counsel.

There is no constitutional right to appointment of counsel in a civil case. *See Johnson v. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of plaintiff to articulate his claims in view of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Moreover, Plaintiff's numerous filings with the Court as well as the pending motion, indicate that Plaintiff is capable of presenting legal and factual arguments to the Court. After reviewing the file, the Court determines that this case does not present exceptional circumstances requiring the appointment of counsel.

**B.     Motion for Records**

In his Motion (Request) for Records, Plaintiff is requesting an order from the Court directing that he be provided with medical records from the Maricopa County Hospital Records Division. Plaintiff is advised that motions for discovery/compel need not be filed with the Court but rather submitted to opposing counsel with a Notice of Service filed with the Court. Federal Rules of Civil Procedure, Rule 5(d):

> All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service, but disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: (i) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admission.

*Also see* Rules of Practice of the United States District Court, District of Arizona (Local Rules), LRCiv 5.2:

> A "Notice of Service" of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers.

Accordingly, Plaintiff's request for medical records will be denied.

**C.     Motion to Extend Case Deadlines**

Defendant is seeking to extend the remaining deadlines for a period of sixty days in order to obtain medical records prior to taking Plaintiff's deposition and to allow Plaintiff to respond to interrogatories regarding his medical history. Upon good cause shown, Defendant's request will be granted.

**IT IS THEREFORE ORDERED** denying without prejudice Plaintiff's Motion to Address Limited Access to Respond to Court Orders (Doc. #18).

1     **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Records (Doc. #25).

2     **IT IS FURTHER ORDERED** granting Defendant's Motion to Extend Case Deadlines
3 and extending the following deadlines as follows:

4     Deadline to take Plaintiff's deposition:    July 31, 2006

5     Dispositive Motion Deadline:    August 30, 2006

6     Proposed Joint Pre-trial Order Deadline:    September 29, 2006

7     DATED this 30th day of May, 2006.

David K. Duncan
United States Magistrate Judge